IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|                                     |   |                          |
|-------------------------------------|---|--------------------------|
| LUKE H. CURRY, III,                 | ) |                          |
|     Plaintiff,                      | ) |                          |
| v.                                  | ) | Case No. 3:10cv849-DWD   |
| HOLMES, ENTERPRISES, INC.,          | ) |                          |
| RICHMOND ROOFING, LLC.              | ) |                          |
|     Defendants.                     | ) |                          |

## MEMORANDUM OPINION

This matter is before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on Plaintiff's Motion to Dismiss (Docket No. 4) Defendants' Counterclaim (Docket No. 3). The Court has reviewed the relevant submissions and finds that oral argument would not aid in the decisional process. For the reasons discussed herein, the Court hereby GRANTS Plaintiff's motion to dismiss. However, Defendants' Counterclaim is DISMISSED, without prejudice, and the Defendants are GRANTED fourteen (14) days from this date to amend the Counterclaim to address the issues discussed herein.

### I.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Luke Curry ("Curry" or "Plaintiff"), initiated this action against his employers, Richmond Roofing, LLC and Holmes Enterprises, Inc. ("Richmond Roofing," "Holmes Enterprises", or collectively, "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") (Docket No. 1). Specifically, Plaintiff alleges that Defendants failed to pay him overtime wages as mandated by § 216 of the FLSA. (Compl. ¶ 23.).

1

Defendants answered, denying that Defendants owed overtime compensation to Plaintiff or that Defendants had violated any provisions of FLSA, and counterclaimed against Plaintiff (Docket No. 3) ("Countercl."). Plaintiff has filed a Motion to Dismiss Defendants' Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6), alleging that Defendants' Counterclaim fails to state a claim upon which relief can be granted (Docket No. 4).

The Court has reviewed the Counterclaim and assumes that all well-pleaded allegations therein are true and views the facts in the light most favorable to the Defendant, the non-moving party, as is required when resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Applying that standard, the Court has concluded that the following narrative represents the relevant facts for purposes of resolving the motion.

Defendants employed Curry from approximately April 2009 until April 2010. During that time, and while Curry was in their employ, Defendants loaned Curry two thousand dollars ($2,000) on December 26, 2009 and an additional seven hundred eighty dollars ($780) on April 22, 2010. Plaintiff repaid one thousand dollars ($1,000) of the loans, but still owes the principal balance of one thousand seven hundred eighty dollars ($1,780), plus interest from the date of any judgment they may obtain. Additionally, while Plaintiff was employed, Defendants issued him a mobile phone to be used solely for company business. However, Plaintiff used the company-issued phone to make unauthorized, personal calls. Defendants paid the telephone bills for Curry's mobile phone usage while he was employed, including paying those amounts incurred as a result of the unauthorized calls.

Defendants allege two counterclaims against Plaintiff. Count One alleges that Plaintiff is indebted to Defendants in the amount of the balance of the unpaid loans, plus interest.

(Countercl. at 4.) Count Two alleges that Plaintiff owes Defendants an additional five thousand dollars ($5,000) as reimbursement for the unauthorized cell phone calls made on the company-issued phone. (Countercl. at 4-5.)

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citation omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the non-

3

moving party.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.  This rule, however, is inapplicable to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

### III.    ANALYSIS

Curry challenges the sufficiency of Defendants' counterclaim on two grounds.  First, Curry argues that Count One does not allege "that there was a loan agreement between Defendants and Curry, what the terms of any agreement may have been, whether those terms were breached, how many terms may have been breached or whether breach of contract is the cause of action Defendants intend to allege."  (Pl.'s Mem. in Supp. Mot. to Dismiss at 3.) ("Pl.'s Br.").  Second, with respect to Defendants' claim for reimbursement for the unauthorized use of a company cell phone, Plaintiff argues that Defendants failed to "allege that there was any specific agreement between Curry and Defendants as to cell phone use or what calls were or were not authorized."  (Pl.'s Br. at 4.)  Plaintiff also asserts that there are no allegations, other than conclusory statements, that Plaintiff himself made the unauthorized calls, or that Plaintiff agreed to be responsible for the payment of any unauthorized calls.  (Pl.'s Br. at 4.) Furthermore, Plaintiff argues that "nowhere does the Counterclaim allege that Curry breached any agreement or employment contract or has failed to meet a contractual obligation to Defendants."  (Pl.'s Br. at 4.)

Defendants have not articulated any viable cause of action to support either claim alleged in the Counterclaim, and they have not alleged any facts in support of their conclusory allegations.  Simply alleging that "[P]laintiff obtained a loan from defendant" and that "[P]laintiff … is indebted …in the amount of $1,780 plus interest from date of judgment" does

4

not satisfy the requirements of Fed. R. Civ. P. 8. Even assuming, arguendo, that Defendants sought to assert a claim for unjust enrichment or implied contract, the allegations contained in Paragraphs 1 and 2 of the Counterclaim nevertheless fail to assert sufficient facts to support such claims.

A cause of action for unjust enrichment or implied contract in Virginia rests "upon the doctrine that a man shall not be allowed to enrich himself unjustly at the expense of another." Kern v. Freed Co., Inc., 224 Va. 678, 681, 299 S.E.2d 363, 365 (1983) (internal citation omitted). Specifically, a moving party must typically demonstrate the existence of: "(1) a benefit conferred on the defendant by the plaintiff; (2) knowledge on the part of the defendant of the conferring of the benefit; and (3) acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value." Nossen v. Hoy, 750 F.Supp. 740, 744-745 (E.D. Va.1990). Additionally, "one may not recover under a theory of implied contract simply by showing a benefit to the defendant, without adducing other facts to raise an implication that the defendant promised to pay the plaintiff for such benefit." See Nedrich v. Jones, 245 Va. 465, 476, 429 S.E.2d 201, 207 (1993).

Here, Defendants did not plead *any* facts suggesting that Plaintiff promised to repay Defendant for the benefit or that Plaintiff and Defendant had any agreement of any kind about Plaintiff's repayment. Merely asserting that Plaintiff is indebted to Defendant, without more, is simply insufficient to raise a credible claim for unjust enrichment or implied contract.

Likewise, the assertions contained in Paragraphs 3, 4, 5, and 6 do not allege a claim for unjust enrichment, or implied contract. Again, Defendants have asserted no facts raising an implication that Plaintiff promised to pay for his personal use of the cell phone; or that Plaintiff and Defendant had an agreement restricting Plaintiff's use of it, implicit or explicit. Because

5

Defendants' counterclaim fails to allege *any* facts raising an implication that Plaintiff would be obligated to pay for the benefit of using the cell phone for unauthorized purposes, Count Two also fails to sufficiently allege a claim for either unjust enrichment or implied contract.

Simply put, Defendants' Counterclaim contains *no facts* alleging that Plaintiff and Defendant had any agreement, oral or written, concerning the proper and acceptable use of the company cell phone, or any agreement as to the terms and conditions of the alleged loan. Defendants' mere conclusory allegations that Plaintiff was indebted to Defendants and that Plaintiff's stated use of the company phone was unauthorized do not satisfy the burdens of Rule 8 because Plaintiff does not have "fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley, 355 U.S. at 47).

In its Response, Defendants assert that "under the law, a loan of money is due upon demand." (Def.'s Resp. at 3.) Defendants provide no support for this broad assertion. Moreover, other than providing dates, Defendants give no other facts concerning the loan, such as its repayment terms. (Def.'s Resp. at 3.) Defendants argue that these "specifics … can be dealt with during the discovery process." (Def.'s Resp. at 3.) Such an argument fails, as the Defendants should certainly possess knowledge of those terms and conditions, written or otherwise, without employing discovery mechanisms. At the very least, they should be capable of pleading those terms as they understood them to be, subject, perhaps, to clarification or correction during the discovery phase. Without any facts supporting the existence of the loan, such as an agreement about and the specifics of the repayment terms, the Court cannot discern whether a "loan" actually existed. Thus, the lack of such "specifics" is fatal to the sufficiency of Defendants' Counterclaim.

Likewise, Defendant argues that "as a condition for the use of the cell phone, plaintiff was required to use the cell phone for business purposes only." (Def.'s Resp. at 4.) But again, the Counterclaim contains no facts alleging an agreement between Plaintiff and Defendants concerning the use of the phone – no formal company policy is referenced. Nor is an informal or implied agreement between Defendants and Plaintiff asserted regarding the use of the phone. Even assuming any such agreement existed, Defendants fail to sufficiently plead a breach of such implied contract, or to plead the specific elements of the claim, save their conclusory and insufficient statements to that effect. Again, the lack of *factual* allegations is fatal to the sufficiency of Defendants' Counterclaim.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss (Docket No. 4) is GRANTED, but the Defendants' Counterclaim is DISMISSED, without prejudice, and the Defendants are GRANTED fourteen (14) days from this date to amend the Counterclaim to address the various issues discussed herein.

An appropriate Order shall issue.

/s/
DENNIS W. DOHNAL
UNITED STATES MAGISTRATE JUDGE

Date: April 19, 2011
Richmond, Virginia